1-1755 Cook v. McDonough. Mr. Niles, please proceed. Thank you, Your Honor, and may it please the Court. I'd like to proceed in two parts today. I'll start by addressing what relief Mr. Cook is seeking from this Court, and I'll then turn to what I see as being his largest obstacle and why that should not deter the Court from Mr. Cook prepared and filed his initial Veterans Court brief before this Court issued its precedential decision in Lane v. Wilkie. The relief that Mr. Cook requests from this Court is a remand for a decision on the merits of what, if any, entitlement he has under Lane v. Wilkie with respect to a 2005 Department of Veterans Affairs rating decision. In his initial brief to this point, Lane did ask for a further remand instruction that would require the Veterans Court in turn to remand the case back down to the VA for the agency to issue that initial possible entitlement decision. Mr. Cook would continue to be very grateful for that relief, but I do want to make very clear that he requests in the alternative even a narrower remand that would send this case back to the Veterans Court with instructions that leave open for the Veterans Court to decide what happens next. Counsel, this is Judge Moore. My difficulty with your cue arguments is that throughout this process they have been a constantly moving target. You made three different cue arguments initially. Those three arguments were rejected. You then got to the Veterans Court and you argued cue in the August 2015 decision because the VA failed to construe his 2006 submission as an NOD. That was the only argument you made to the Veterans Court. You had abandoned the three that you had made earlier, but because Cook had not raised that argument to the Board, the Veterans Court dismissed for lack of jurisdiction explaining that you can always raise this, that the 2015 decision is not final because the August 2006 submission was an NOD. The Veterans Court explained you can always raise that as a separate cue claim before the Board, but because you haven't raised that before the Board and the Board hasn't had a chance to round for cue in the first instance and they dismissed. Is that the issue you're appealing to us because that's the only issue decided by the Veterans Court, which is that they didn't have jurisdiction to decide whether the 2015 decision was appropriate in light of the 2006 October submission and whether that was in fact an NOD. Is that the issue you're appealing to me now? No, Your Honor. The Veterans Court also determined that Mr. Cook had abandoned a challenge to the 2005 rating decision and it is that determination of abandonment that is on appeal now. With the Veterans Court, I understand its decision to be to have charged Mr. Cook with, even though Lange's saying that at the threshold of this cue analysis, the Court will search for exceptions to finality. Counsel, let me stop you again because perhaps you're talking about what you then argued on reconsideration, which differed from the three arguments you made from the Board and what you argued to the Veterans Court. On reconsideration, you then argued for the first time that the final because the October 2006 submission constituted new and material evidence under 3.156B. Is that the issue you're now appealing to us? The issue raised in the motion to reconsideration, yes, Your Honor, it is. There is no question that there was a missed opportunity for Mr. Cook to raise Lange either in the reply brief or as a submission of a supplemental authority. He did not. He has no reason to doubt that if he had submitted Lange either in the reply brief or submitted it as a supplemental authority, that the Veterans Court would have heard him out under Lange of the 2005 rating decision. The difficulty for me is what you argued to the Veterans Court and what they dismissed for lack jurisdiction were arguments about the October 2005 decision, the October 2006 submission, and whether that constituted new and material evidence. The Board said we have no jurisdiction we have to dismiss. Now on appeal to us, you're arguing something completely different. It is not something you presented to the Veterans Court or the Board. You are now arguing the 2005 decision never became final, not because of the 2006 submission, but because of the June 2014 electronic records. This is completely out of nowhere. It was not part of any briefing before the Board or the Veterans Court. Since we have before us a judgment, and that judgment is a dismissal for who can't even review fact findings in cases like this. Assess a new ground of cue that was never articulated before any of those agencies or courts below. Your Honor, I'll start with the legal standard that I hope would address Your Honor's concern and then point to a citation within the appendix that I hope will further alleviate that concern. The legal standard being that it was not for Mr. Cook to enchant any particular terms, but rather to put the Veterans Court fairly on notice of this being an issue. The appendix citation that I will direct Your Honors to is appendix 30. This is on the fourth page of the motion for reconsideration, the second paragraph from the bottom where Mr. Cook said that in accordance with Lange, the procedural argument presented by Mr. Cook to the Veterans Court was not a new claim of cue. The court violated Lange when it concluded otherwise. Yes, but counsel, first off, this is in reconsideration, but that's fine. I'll even let you get away with that. The paragraph immediately preceding though explains that your claim about, even with regard to Lange, is about the 2005 and 2006 time frame concerns. In particular, the 2005 decision never became final because of the 2006 submission. That's your Lange claim on reconsideration. That bears no resemblance to what you're saying is your Lange on appeal, which has nothing at all to do, it seems like, with the 2006 submission, but rather now is attached to the June 2014 records. Your Honor is absolutely correct in that if this court concludes that Mr. Cook did not, through that second to last paragraph on page appendix 30, put the Veterans Court fairly on with respect to this 2005 decision, then that is it. I am asking this court, I hope you're not putting on airs otherwise, that we see this paragraph, we saw it as putting the Veterans Court fairly on notice of what Mr. Cook was seeking. How? The paragraph right after the discussion on Lange says, consequently, Mr. Cook aversed, the court should reconsider its decision in light of Lange. The court should vacate the board decision and remand Mr. Cook's case to the board to review the October 2006 submission to determine if it prevented the October 2005 rating decision from being final. How could that paragraph put the board or the Veterans Court or anyone else on notice that you now believe it's not the 2006 submission that prevented finality, but rather the June 2014 submission of electronic records? It was exactly the context that Your Honor just mentioned, where the board not only made an adverse finding for 3156B, but it also made this adverse determination for 3156C, did so in it is saying that these service treatment records that have markers of having been first associated with the claims file in 2014, the board is saying, well no, they were actually received in 2005 and so cannot give rise to this reconsideration. It's that broader context in which I see this motion for reconsideration that is raising Lange at the threshold of Q to not be limited and not saying that it's limited to 3156B, but also requesting just to be heard out as to 3156C, what, if any, entitlement it gives to Mr. Cook with respect to the 2005 rating decision. Am I correct in understanding that if this is, as it feels to me, like a brand new Q argument made for the first time on appeal, that there's nothing that prevents you from bringing a new Q argument to the board at any time? So it's not as though us finding that there's no jurisdiction for us to consider this would prevent you from getting a day of review of this issue. Isn't it correct that you could always just bring this argument before the board in the first instance? There is a minimum very big risk there, Your Honor, I would submit. The Board of Veterans never decided this 3156C issue of when these service records came into the record. Well, when you say there's a very big risk, the government expressly argues that the board never decided this because you never raised it. So don't you have a government brief on record saying that this issue was in fact not raised and therefore not decided? I would love to read the government's brief that way and perhaps my friend who's representing the government will clarify that that is what the government intended. I read it only that Mr. Cook could pursue this going forward and there's a big difference to me between it being pursued and having any reasonable success of being successful given this board determination that these records were not associated with the claims file essentially until 2014. And so if there is a finding of it, if this court decides that there is nothing that it can do other than say that Mr. Cook is free to start again where the Board of Veterans Appeals determination was not necessarily reached, would not bind future proceedings, he'd be thankful even for that, Your Honors. Well, I mean, I think the government brief says, and I'll read from page 10, Mr. Cook failed to raise any argument regarding 3.156C before the Veterans Court, which did not address it. And thus this court lacks jurisdiction over that issue. I don't know how you need anything more clear than that. It seems pretty clear, but okay. Anything further before we hear from the government? Not for me, thank you, Your Honor. I'll reserve the rest of my time. So Mr. Hellman is up next. Okay, go ahead and do it. If that's what you're accustomed to doing, go ahead and put them all up. Go ahead. Okay, Mr. Hellman, please proceed. Thank you, Chief Judge Moore. Good morning and may it please the court. I want to address first the discussion that you just had with opposing counsel, Chief Judge Moore, about what the 3.156C issue is and what we said in our brief. The board here decided the question of whether 3.156C applies to the June 2014 electronic records. Mr. Cook could have appealed that to the Veterans Court. He did not. He cannot raise that issue because on appeal now, certainly he can't raise it to this court. And he can maybe raise it as a Q claim because he can go back and raise a Q claim, but he can't have a direct appeal of that issue. And I just want to clarify that. I think the is what that captures. Thank you for that clarification. So your view is that the board determined 3.156C was not triggered, but then he never appealed that claim to the Veterans Court and that's why we lack jurisdiction over it. Over that claim, yes. But isn't it the case that Lange came out sort of between that time frame? It came out after his opening brief to the Veterans Court. No, first of all, Lange came out after his reply brief. It came out and he actually moved for reconsideration the day after the decision came out. Lange had been on the books for about two months or so prior to that. Lange did not change the law such that it creates a new exception to finality. And I think, again, Chief Judge Moore, your questions to opposing counsel illustrate the Mr. Cook initially argued this fourth theory of Q to the Veterans Court. He was arguing that the 2015 decision was manifested clear and unmistakable error because of the 2006 submission should have been construed as a notice of disagreement. Lange comes out and he changes the theory of his argument again saying, no, no, there was no final decision such that he could actually argue Q because you need Q for final decision. That's what Lange reaffirmed. Lange didn't create a new precedent on that point. Lange simply reaffirmed that. So he argues that after Lange, he should be able to go back and argue somehow undo the finality. And then here, he is trying to then say that at the end of the day, it's his 3.156C claim that he seeks to have heard. But the board decided that in 2019. He could have raised that and also point out that he doesn't cite any precedent for the ultimate result that he seeks that the board can't make a 3.156C determination in the first instance. And that's not correct. The Moore's case recently from this court, the board there made a factual finding about certain documents that were submitted, whether they triggered reconsideration or not. And there's no precedent saying that the board can't do that on its own. And I realize that we are reviewing the Veterans Court's decision about whether it properly dismissed for lack of jurisdiction. But just because it seems like it would be a good thing to do. Isn't it the case that the June 2014 service records were found to only be electronic copies of the exact same tangible documents that were part of the file that the board considered from the outset that the VA had in its possession? That's correct, Your Honor. Yes. So these aren't really new service records. It's literally just an electronic version of a physical document that was absolutely considered as part of this file. That's correct, Your Honor. Yes. So it's, I hate to say it, but it's a lot of arguing about a lot of different procedural shifts. But at the end of the day, even if we were able to reach this, which I don't think we can for jurisdictional reasons, I don't even understand what the point would be to have them go back and consider the electronic version of documents they physically had in their possession and reviewed as part of the decision process. That's exactly correct, Your Honor. That's entirely correct. There's a lot of procedural wrangling and the ultimate result is going to be the same. But being charitable, the only argument that Mr. Cook makes is that it was wrong for the board to find that these were the same electronic versions of the paper documents. It's that the RO, the regional office should have found that and the board should have reviewed that. But there's nothing... I don't even see anything in any filing going anywhere which would suggest or point to any differences whatsoever. It's, again, just sort of procedural objections about things. But what I don't see is any merit. That's correct, Your Honor. Yes. What's left of the case? I mean, even if we were to remand, what is it we will remand on? That's a good question, Your Honor. I think, as Chief Judge Moore pointed out, at the end of the day, even if you were to remand, it would be to consider procedural wranglings that at the end of the day don't get Mr. Cook anywhere. And the Veterans Court has already exercised its discretion under Lange and considered those issues and said it would not make a decision on those. The Veterans Court said... I just want to make sure I understand your question, Judge Reyna. The Veterans Court chose not to exercise its discretion to hear the Lange argument because it was raised for the first time in a motion for reconsideration. Is it your view that the finality arguments that are being made or that we hear now are being raised for the first time before this court? Yes, Your Honor. Yes, Your Honor. The finality argument as it has morphed, I think the first version of it came in a motion for reconsideration. The Veterans Court chose not to exercise its discretion to hear it. Mr. Cook appears to be challenged in that on appeal. But at the end of the day, even if he got past that and got all the relief that he seeks, he would be remanded for a determination that the board has already made, a factual determination that he doesn't seem to dispute. He only disputes who should be that decision maker. But he provides no support for that. And it runs counter to this court's precedent in 3.156C. To be clear, the Lange argument that he made on reconsideration that the board declined to Your Honor. reconsideration. Whether the 2006 submission constituted new and material evidence under 3.156B such that there should have been reconsideration of the 2005 decision. Isn't that what he argued on reconsideration before the Veterans Court? Well, I believe that's correct, Your Honor. I'm hesitating to put words in opposing counsel's Lange was a 3.156B decision. I don't know that he made the distinction when he argued in his very brief motion for reconsideration. And this is a 20... Yes, but wasn't he focused on the 2005 and 2006 submissions? He was saying the 2005 decision can't be final under Lange because of his 2006 submission, correct? That's correct. That's what he argued on reconsideration? Yes. Now on appeal, he's arguing the 2005 decision can't be final because of his June 2014 electronic records. A completely different, it might still be under the umbrella of Lange, it might still be under 3.156, but it's actually a very factually different argument, isn't it? That's my understanding, yes. Well, yes, the thing that's been bothering me throughout is the question, really, whether the claim was proved in 2005? Isn't it, in fact, whether as a matter of establishing a potential entitlement by the veteran that he made the claim, made a colorable claim, 2005, didn't prove it in 2005, but the claim was there. This is the same claim, 2015, the same claim that's carried forward, but the evidence has accumulated. But aren't what we're really talking about is the date of entitlement and not that whether or not it was proved or whether there was notice that something's wrong, I've got a claim, which then takes another 10 years to work itself out? Isn't that what this law is about, in requiring that there be an initial claim somewhere along the way, not going back to the date of discharge, but going back to some kind of manifestation with time, with age, whatever it is? And again, and to put this in the veterans-friendly context that we must, as to just what exactly, what difference does it make if it was improved in 2005, if it was identified? Well, Your Honor, the way that the claims typically work is the service connection date, the effective date of service connection is when the claim was proven, whether there's an injury, a disability, and a nexus between the two. Here, that was established based on medical records in 2014. 3.156C provides a very narrow- Wait, I just want to be clear, because you obtained based on actual medical evaluation that occurred in 2014, right? Yes. So that's what substantiated his claim. He brought a claim saying he had disability in 2005, but there weren't medical records at that time that substantiated the disability. The disability didn't become substantiated for purposes of service connection until medical records were put into this case in 2005, correct? In 2014. 2015, that's what I meant. Yes, that's entirely correct, Your Honor. Right. And these aren't two medical records that go back, these aren't 2005 medical records that had been lost by the VA. These are new doctors evaluating his injuries in 2015, and for the first time connecting them. Yes, that's entirely correct. And that's the difference, I think, with what Judge Newman was discussing, is 3.156C provides a narrow exception when service department records have been lost or misplaced and not associated with the claims file. This is Kaiser, this is Blue Ball, this is the Morris case. The Army, Navy loses the medical records and doesn't find them until later, or service department records, actually, not medical records. And then the claimant is allowed to go back and be put back in the same position he or had those service department records been associated with the claims file in the initial evaluation. So Blue Ball is the clearest on this. You don't want to penalize the veteran for the service department's inability to find medical records. But that's not this case. Here, as Chief Judge Moore points out, the competent medical evidence that substantiated the claim only came into the file in 2014. And so from that point on, Mr. Cook got his service connection and his effective date. And that's the ordinary case of benefits. He doesn't fit into the narrow reconsideration exception because he hasn't, at the end of the day, he hasn't pointed to any service department records that were unavailable. He tries to conflate the electronic copies with the copies that were in the file, but that, first, that's a factual determination that this is the end of the day. Those records were in the file. They just weren't electronic. I have a somewhat dumb question, and it's probably not in this record, and you probably don't know the answer. But in 2005, he's seeking disability for left and right ankle sprains. We have two medical evaluations conducted by the VA after he reopened his claim. One in December of 2014, one in March of 2015. I guess I'm just curious, were there any medical evaluations that were done after 2005? I mean, a serviceman files a disability claim for left and right ankle sprains. Was there medical evidence? Was there some evaluation that was done in 2005 pursuant to his claim? There's ordinarily a duty to assist the veteran and to conduct a medical examination. So, if that wasn't done, that could be the basis for a different claim. A different Q claim. A different Q claim, sure. Got it. All right. Well, I'm just curious, why would a veteran file a disability claim in 2005, and the only medical evidence that we have in front of us is VA medical evaluations conducted in 2014 and 15? I understand why. It's because you've reopened the claim in 2014, which is what I'm asking. I'm just wondering why exams weren't done in 2005 and aren't associated with these records. Well, and I'd be speculating because we don't have it in the record. It's possible that exams were done, but they didn't link the sprains to his service. That may be the, I suspect that could be the issue. If this court has no further questions, we respectfully request that the judgment below be affirmed. Thank you, Mr. Hellman. Thank you. Okay, Mr. Niles, you have some rebuttal time. Please proceed. Thank you, Your Honor. And I realize that what this court, the focus of this case might end up being whether or not the motion to reconsideration fairly put the Veterans Court on notice of what Mr. Cook is seeking. But I do want to clarify just a couple of points that came up during my friend's argument. Number one, when Mr. Cook appealed the board's decision, it was with respect to the 2005 and the 2015 rating decisions. And part and parcel of that, we now know from board's decision as to Q, but also the board's decision as to 3156C and B at the threshold of that. But in terms of the chronology of this case, when it came time for Mr. Cook to prepare and file his initial brief, that inquiry into 3156B, I'm sorry, 3156C for the 2005 rating decision under then current law looked futile. And so he did not raise it in the initial brief here, similar to what happened in Meche versus West. Second, there was reference made to procedural wrangling, and I want to emphasize that that is not the case. The board in 2014 made a factual determination that service treatment records first were associated with the claims file in 2005. The board was looking at something when it did that. Mr. Cook does not know what the board was looking at, does not know what the board could have been looking at. Because Mr. Cook had opted this appeal into direct review, meaning that everything that the board should have been looking at already had to have been off record. And so for the board to look at something to determine when these service treatment records first were associated with the claims file, which in turn makes the difference, is this positive for whether 3156B is triggered here. That is a big concern that Mr. Cook has. And so for all the reasons in the brief, those that I mentioned earlier today, and unless this court has any further questions, I would like to respectfully reiterate Mr. Cook's request that the court remand for decision on the merits of what entitlement, if any, he has under Lange versus Wilkie. Thank you. I thank both counsel. This case is taken under submission.